**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIPE HALILI GALVAN, Jr., | No. 18-16958 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01823-TLN-EFB |
| v. | |
| JPMORGAN CHASE BANK, N.A.; U.S. BANK, N.A., as Trustee for WAMU Mortgage Pass-Through Certificates Series 2006-AR17, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted February 10, 2020**
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and LASNIK,*** District
Judge

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Appellant Felipe Halili Galvan, Jr. (Galvan) alleged that Appellee JPMorgan Chase Bank, N.A. (Chase) wrongfully foreclosed on his residential property after rejecting a loan modification in bad faith. Galvan contends that the district court erroneously dismissed his complaint based on the statutes of limitations applicable to his claims for wrongful foreclosure, negligence, unjust enrichment, and violations of Cal. Bus. & Prof. Code § 17200. Galvan further asserts that the district court abused its discretion in denying leave to amend his complaint.

The district court properly dismissed Galvan's claims as barred by the applicable statutes of limitations.[1] Galvan was not entitled to tolling of the statutes of limitations under California's discovery rule because he delayed filing his complaint until 2017, although his claims accrued in 2010, when Chase allegedly rejected the loan modification and wrongfully foreclosed on Galvan's property. *See MGA Entm't, Inc. v. Mattel, Inc.*, 41 Cal. App. 5th 554, 561 (2019) (explaining that "the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause") (citation, alteration, and internal quotation

---

[1] None of the applicable limitation periods for Galvan's claims exceeded four years. *See* (1) Cal. Code Civ. P. § 338(a) & (d) (three-year statute of limitations for "liability created by statute" and fraud claims); (2) Cal. Code Civ. P. § 335.1 (two-year statute of limitations for negligence); (3) Cal. Bus. & Prof. Code § 17208 (four-year statute of limitations for violations of Cal. Bus. & Prof. Code § 17200).

marks omitted).

The district court did not abuse its discretion in denying leave to amend as futile because Galvan's claims were time-barred. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

**AFFIRMED.**